**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW T. ESTES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00223-PLC |
| | ) | |
| NICOLE GREENE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

In September 2025, the Court granted self-represented prisoner Matthew T. Estes's motion to amend, directed him to file an amended complaint on the Court-provided form, and explained that the Court would screen the amended complaint under 28 U.S.C. § 1915A. Doc. [14]. Estes has since filed an amended complaint alleging Eighth Amendment claims against Don Collins and Nicole Greene arising from his confinement at the Dunklin County Jail in December 2021. Doc. [15]. Greene moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). Docs. [17], [18]. For the reasons below, the Court will dismiss this action without prejudice and denies all pending motions as moot.

## I. Background

Estes sues two defendants, both in their official capacities only: Don Collins, the Chief Commissioner of Dunklin County, and Nicole Greene, the Warden of the Dunklin County Jail. Doc. [15] at 2–3.

Estes alleges that on or about December 6, 2021, several officers forcibly beat him without cause. *Id*. at 3–4. Estes did not fight back. *Id.* Officers then placed Estes into a one-person padded cell without clothing and with two other unclothed men. *Id*. Estes remained in the cell for approximately 18 days. *Id.* at 7. He suffered broken ribs, broken and chipped teeth, a swollen eye, and a busted lip. *Id.* at 4. He received no medical treatment. *Id.* at 4, 7.

Estes alleges that Greene, whom he identifies as "the warden," ordered the abuse. *Id.* at 6. He seeks $2,000,000 in damages for physical and emotional harm and medical neglect. *Id.* at 5.

## II. Standard

Under 28 U.S.C. § 1915A, the Court must screen a prisoner complaint that seeks relief from a governmental entity and must dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1)–(2). At screening, the Court accepts the well-pleaded factual allegations as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and draws all reasonable inferences in the plaintiff's favor, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Because Estes proceeds without counsel, the Court liberally construes the amended complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## III. Discussion

Estes names both Defendants in their official capacities only. Doc. [15] at 2–3. The Eighth Circuit applies the course-of-proceedings test to determine whether the plaintiff sues a defendant in his individual capacity, official capacity, or both. *S.A.A. v. Geisler*, 127 F.4th 1133, 1138 (8th Cir. 2025) (en banc). But that test applies only "where the complaint is not explicit." *Id.* When a plaintiff affirmatively designates official capacity on the complaint form, the designation controls. *Reynolds v. Cook*, 24-1618, 2025 WL 670428, at *1 (8th Cir. Mar. 3, 2025) (per curiam) (distinguishing *Geisler* where plaintiff "explicitly sued the defendants only in their official capacity").

An official-capacity claim against an individual defendant functions as a claim "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (quoting *Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007)). To establish liability against a local governmental entity under § 1983, a plaintiff must demonstrate that the alleged constitutional violations "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016)) (citation modified). Estes pleads no such policy, custom, or other failure by Dunklin County. *See generally* Doc. [15]. Instead of pointing to a county-wide policy, he alleges that unspecified officers beat him and placed him in the padded cell, *id.* at 3–4, and that Greene ordered the beating and placement, *id.* at 6. These allegations offer no basis for entity liability against Dunklin

County. As to Collins, the amended complaint contains no factual allegations against him whatsoever. *See generally id.*

* * *

The Court therefore will enter a separate Order of Dismissal, which will dismiss this action without prejudice because it fails to state a claim on which relief can be granted. For that reason, all remaining motions are moot.

Accordingly,

**IT IS HEREBY ORDERED** that all pending motions are **DENIED** as moot.

A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 30th day of September 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE